UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MCLAUGHLIN,<br><br>   Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1]<br><br>   Defendant. | Case No. CV 12-1659 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

  Charles McLaughlin ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected the opinions of his treating physician, Dr. John Dorsey. (Joint Stip. at 3-7, 12-14.) The Court agrees with Plaintiff for the reasons stated below.

  A. <u>An ALJ Must Provide Specific and Legitimate Reasons to Reject the Contradicted Opinion of a Treating Physician</u>

  "As a general rule, more weight should be given to the opinion of a treating

---

[1] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

source than to the opinion of doctors who do not treat the claimant." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *accord Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003). This is so because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).

Where the "treating doctor's opinion is contradicted by another doctor, the [ALJ] may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record[.]" *Lester*, 81 F.3d at 830 (internal quotation marks and citation omitted). The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted).

### B. The ALJ Failed to Provide Specific and Legitimate Reasons for Rejecting Dr. Dorsey's Treating Opinion

Here, the ALJ provided two reasons for rejecting Dr. Dorsey's treating opinion. (*See* AR at 16.) The Court addresses – and rejects – both below.

First, the ALJ found that Dr. Dorsey's treating opinion touched on several issues that are reserved to the Commissioner, including whether Plaintiff is "disabled." (AR at 16.) Granted, a treating physician's beliefs regarding purely legal issues are not entitled to any deference. 20 C.F.R. § 404.1527(e). At the same time, however, such beliefs – however misguided – bear little weight on the validity of an accompanying medical assessment, which must be addressed separately. *Boardman v. Astrue*, 286 F. App'x 397, 399 (9th Cir. 2008). In that respect, the ALJ's assessment falls short.

Second, although the ALJ found that "the record fails to support [Dr. Dorsey's

disability opinion]," he did not explain *why* that is so.[2] (AR at 16.)

And no such reasons can be inferred, as the ALJ provided only a conclusory discussion of the record. *See Magallanes*, 881 F.2d at 755. Against Dr. Dorsey's treating opinion, the ALJ cited the opinions of four other physicians, finding each to be "well-supported by the medical evidence" and "not inconsistent with other substantial evidence of record." (*See* AR at 16-17.) Without any discussion of the substance of those opinions or the medical record, the Court can only guess as to how the ALJ weighed the evidence. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884 n. 2 (9th Cir. 2000).

Accordingly, for the reasons stated above, the Court determines that the ALJ improperly discredited Dr. Dorsey's treating opinion. The Court thus concludes that the ALJ's decision is not supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

### C.  Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

---

[2]  Defendant provides some explanations that are not actually raised by the ALJ. (*See* Joint Stip. at 10 (discussing the opinions of Drs. Richard Greenfield, Timothy Coen, and Richard Uhler.) The Court limits its discussion here, as it must, to only those reasons asserted by the ALJ in his decision. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

1    Here, in light of the ALJ's error, the credibility of Dr. Dorsey must be
2 properly assessed. Therefore, on remand, the ALJ shall reevaluate his opinions and
3 either credit them as true, or provide valid reasons for any portion that is rejected.
4    Based on the foregoing, IT IS ORDERED THAT judgment shall be entered
5 **REVERSING** the decision of the Commissioner denying benefits and
6 **REMANDING** the matter for further administrative action consistent with this
7 decision.[3/]

9 Dated: July 29, 2013

10                               _____
11                                   Hon. Jay C. Gandhi
12                                United States Magistrate Judge

---

[3/]    In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contentions.  (*See* Joint Stip. at 14-16, 18-19.)